UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZEV YOURMAN,

                Plaintiff,

-against-

COLUMBIA NEW YORK PRESBYTERIAN HOSPITAL, et al.,

                Defendants.

24-CV-6286 (JPC) (KHP)

ORDER FOR LIMITED SCOPE VOLUNTEER PRO BONO COUNSEL FOR PRO SE REGARDING MEDIATION

KATHARINE PARKER, United States District Judge:

    This *pro se* case was referred for mediation to the Court's Mediation Program. (ECF No. 39.) Now,

    IT IS ORDERED that the Clerk of Court shall attempt to locate *pro bono* counsel for the limited purpose of representing Plaintiff at the mediation.

    IT IS FURTHER ORDERED that any objection by the Plaintiff or Defendants to the mediation, and any objection by the Plaintiff to the request for *pro bono* counsel, must be filed within 17 days of the date of this Order. Any objection will be considered waived if not filed within this time.

    Parties are advised that the search for pro bono counsel will not commence unless and until the time for parties to object to mediation and the request for counsel has passed without objection. *Pro bono* counsel will contact Plaintiff directly.[1] *Pro bono* counsel will represent

---

[1] Because volunteer attorneys are a scarce resource, *pro se* litigants are not entitled to their choice of *pro bono* counsel. *Cf. Cooper v. Sargenti*, 877 F.2d 170, 172-73 (2d Cir. 1989). Barring extraordinary circumstances, if Plaintiff chooses not to work with the volunteer attorney or law-school clinic that reaches out to Plaintiff, Plaintiff's options are to obtain counsel without assistance from the court or proceed *pro se* in the mediation.

Plaintiff solely for purposes of the mediation; at the conclusion of the mediation process the *pro bono* counsel may file a Notice of Completion.

The time to assign a mediator under Local Civil Rule 83.9 and the Court's Mediation Program Procedures will be deferred until *pro bono* counsel has filed a Notice of Limited Appearance of Pro Bono Counsel.

Local Civil Rule 83.9 and the Mediation Program Procedures shall govern the mediation. Unless otherwise ordered, the mediation will have no effect upon any scheduling order issued by this Court, and all parties are obligated to continue to litigate the case.

This Order is without prejudice to the right of any party to request the Court to refer the case to mediation upon the appearance of a Defendant, including if Defendant has responded to the Complaint by motion rather than by an Answer.

**SO ORDERED.**

Dated:   August 1, 2025
         New York, New York

_____
KATHARINE PARKER
United States District Judge