UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :

ZEV YOURMAN,                 :

                 :

        Plaintiff,         :

                 :

        -v-            :        24 Civ. 6286 (JPC) (KHP)

                 :

COLUMBIA UNIVERSITY, *et al.*,   :        <u>OPINION AND ORDER</u>

                 :        <u>ADOPTING REPORT AND</u>

        Defendants.     :        <u>RECOMMENDATION</u>

                 :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In this action, *pro se* Plaintiff Zev Yourman brings claims under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, against Defendants Columbia University ("Columbia"), New York Presbyterian Hospital ("NYPH"), Paul Freeman, and Julio Pujolis.[1]  On January 16, 2026, the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss with prejudice Yourman's Section 1983 claims against all Defendants and Title VI claims against Freeman and Pujolis, and dismiss without prejudice and with leave to amend Yourman's Title VI claims against Columbia and NYPH.  Dkt. 79 ("R&R").  For reasons that follow, the Court adopts Judge Parker's recommendation in its entirety.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C.

---

[1] Yourman also names "Columbia New York Presbyterian Hospital" as a Defendant, but no such entity exists.  Dkt. 11 (second amended complaint) at 1, ¶ 5.  The Court construes "Columbia New York Presbyterian Hospital" as referring solely to NYPH.

§ 636(b)(1)(C).   If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.   Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   If no timely objections are made, a district court reviews the report and recommendation for clear error.   *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that from its date of January 16, 2026, Yourman had seventeen days and Defendants had fourteen days to file any objections.   R&R at 15.   The Report and Recommendation further warned that failure to timely file such objections would result in waiver of objections for purposes of appeal.   *Id.*   The Report and Recommendation was electronically filed on January 16, 2026, and was mailed to Yourman on January 20, 2026, *see* Mailing Receipt, Jan. 20, 2026.   On January 29, 2026, Yourman requested an extension of time to file objections, Dkt. 81, and the Court extended his deadline to file objections until February 16, 2026, Dkt. 82.   That Order extending Yourman's deadline to object was mailed to him the next day.   *See* Mailing Receipt, Feb. 4, 2026.   It is now February 20, 2026, and no objections have been filed by either party.[2]   The parties therefore have waived the right to object to the Report and Recommendation.   *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well founded and entirely correct.   Section 1983 provides a right of action only for conduct taken "under color of" state law, 42 U.S.C. § 1983, and this "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct,

---

[2] Although Yourman did not file any objections to the Report and Recommendation, on February 17, 2026, he moved for Judge Parker to be recused.   Dkts. 83-84.   "A motion to recuse is non-dispositive," *Febrianti v. NYC Health & Hosps.*, No. 23 Civ. 6175 (JLR), 2025 WL 294658, at *2 (S.D.N.Y. Jan. 24, 2025), so Yourman's recusal motion is before Judge Parker in connection with her supervision of pretrial proceedings in this case.

no matter how discriminatory or wrongful," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  To be sure, private actors such as Defendants "can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (citation modified). But as Judge Parker explained, none of these limited exceptions apply here, where "[t]he only theory [Yourman] advances for finding Defendants are state actors is that Defendants were contracted to provide services to the public through New York City, New York State, and the Federal government through such sources as Medicaid, Medicare, and other government financing."  R&R at 6 (citation modified).  "A private entity does not become a state actor merely because it (i) performs under a state contract, (ii) accepts state or federal funds, or (iii) is subject to state regulation."  *Roberts v. N.Y. Presbyterian Hosp., Queens*, No. 24 Civ. 1352 (HG), 2024 WL 1413030, at *2 (E.D.N.Y. Apr. 2, 2024).

The Court also agrees with Judge Parker's recommendation to dismiss Yourman's Title VI claims.  With regard to Yourman's claims against Freeman and Pujolis, courts in this District have long observed that "Title VI does not provide for individual liability."  *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018); *accord Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 708 (S.D.N.Y. 2013); *Kelly v. Rice,* 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).  And with respect to Yourman's claims against Columbia and NYPH, Title VI "prohibits only intentional discrimination," *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001), but Yourman has not alleged any facts showing that Columbia or NYPH intended any discrimination that he claims to have

3

suffered.  As the Report and Recommendation noted, Yourman cites to no policy or practice of either institution which contributed to his alleged harassment, nor does he plausibly allege deliberate indifference to severe and pervasive discriminatory conduct.  *See* R&R at 10.

Finally, the Court concludes that Yourman's Section 1983 claims against all Defendants and Title VI claims against Freeman and Pujolis should be dismissed with prejudice.  Although leave to amend should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Yourman's Section 1983 claims and his Title VI claims against Freeman and Pujolis are irremediable because they go the fact that those Defendants are not proper parties for the causes of action Yourman asserts.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.").  Because any amendment of Yourman's Section 1983 claims and his Title VI claims against Freeman and Pujolis would be futile, leave to amend those claims is denied.  As Judge Parker explained, however, it may not be futile for Yourman to replead his Title VII claims against Columbia and NYPH.  R&R at 13.  Accordingly, Yourman is granted leave to amend those claims. *See Gomez*, 171 F.3d at 795.  But Yourman should only file a third amended complaint if he believes he can cure the pleading deficiencies as to his Title VI claims against Columbia and NYPH that are identified herein and in the Report and Recommendation.[3]

---

[3] The Court further agrees with Judge Parker, and for the reasons she articulated in the Report and Recommendation, that Yourman's claims against Pujolis and Freeman should not be

4

The Court thus adopts Judge Parker's Report and Recommendation in its entirety, dismisses with prejudice Yourman's Section 1983 claims against all Defendants and Title VI claims against Freeman and Pujolis, and dismisses without prejudice Yourman's Title VI claims against Columbia and NYPH.  Leave to amend is denied as to Yourman's Section 1983 claims and his Title VI claims against Freeman and Pujolis, and is granted as to his Title VI claims against Columbia and NYPH.

Yourman must file any third amended complaint no later than March 23, 2026.  If Yourman fails to file a third amended complaint by March 23, 2026, and fails to obtain an extension of time to do so in advance of that deadline, the Court will direct the Clerk of the Court to enter judgment in Defendants' favor and to close this case without further notice.

The Clerk of Court is respectfully directed to terminate Columbia NY Presbyterian Hospital, Pujolis, and Freeman as Defendants and to close Docket Numbers 50 and 54.

SO ORDERED.

Dated: February 20, 2026
  New York, New York

JOHN P. CRONAN
United States District Judge

---

construed as being brought under 42 U.S.C. § 1981, R&R at 9 n.2, and that the Court should not address in the current motion-to-dismiss posture irrelevant arguments that Yourman raised in his brief, *id.* at 13-14.