UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEV YOURMAN,<br><br>                              Plaintiff,<br><br>               -against-<br><br>COLUMBIA NY PRESBYTERIAN HOSPITAL, et al.,<br><br>                              Defendants. | **ORDER SCHEDULING INITIAL<br>CASE MANAGEMENT<br>CONFERENCE**<br><br>**24-CV-6286 (JPC) (KHP)** |

**KATHARINE H. PARKER, United States Magistrate Judge.**

The Court is in receipt of two letters from two sets of Defendants in this case.  First, the Columbia Defendants request a pre-motion conference on filing a motion to dismiss the Third Amended Complaint. (ECF No. 92.)[1]  Second, the NYPH Defendants request an extension of time to file its pre-motion letter to April 13, 2026. (ECF No. 93.)  Both requests are **GRANTED** as further set forth herein.

First, the NYPH Defendants' deadline to file a pre-motion letter is **April 13, 2026.** Second, it is hereby **ORDERED** that a case management and pre-motion conference will be held in accordance with Fed. R. Civ. P. 16 on Monday, **June 1, 2026, at 2:00 p.m.**, in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.  Please plan to arrive at the courthouse early enough to clear security, so that the conference can begin promptly.

By **May 25, 2026,** the parties are directed to each complete a revised Proposed Case Management Plan for Pro Se Cases available at

---

[1] This letter also notes that one added defendant to the Third Amended Complaint, Nemat Shafik, is formerly affiliated with Columbia University but not represented by Columbia's counsel.

http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1342, and to submit the Proposed Case Management Plans to the Pro Se Intake Unit and file the Plans on ECF.  The Pro Se Intake Unit is located in the United States Courthouse, 500 Pearl Street, Room 200, New York, New York (telephone 212-805-0175) and can assist pro se litigants in connection with court procedures.

The Court also notes that there is a legal clinic in this District available to assist pro se parties in civil cases.  The Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court.  The Clinic operates on-site at the U.S. District Court for the Southern District of New York's Manhattan courthouse at 40 Foley Square, New York, NY 10007, and the White Plains courthouse on occasion.  Litigants in need of legal assistance are encouraged to make an appointment by completing the City Bar Justice Center's intake form available at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.  If a litigant has questions about the intake form or needs to highlight an urgent deadline, the clinic can be contacted by phone at 212-382-4794 or email at fedprosdny@nycbar.org.  In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm.  Appointments are also available remotely Monday through Friday, 10am to 4pm.

If any party needs to change the date of the conference, that party must make the request, by letter, as soon as the need for a different date is known, but by no later than three (3) business days before the scheduled conference date.  Further, **a pre-motion letter requesting to file any motion must be filed to the docket and/or submitted through the pro**

**se office at least seven days before the conference date**, and such request will be addressed at

the conference.  The undersigned's Individual Practices in Civil Cases are attached to this Order

as Appendix A.

**Plaintiff is directed to serve this order, and a copy of the Third Amended Complaint on**

**all named Defendants.**

**The Clerk of Court is respectfully directed to mail a copy of this order to the Plaintiff,**

**and to terminate the motions at ECF Nos. 92 and 93.**

Dated: April 7, 2026
New York, New York

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge

# APPENDIX A

*Revised February 2025*

**INDIVIDUAL PRACTICES IN CIVIL CASES[1]**
**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

**The following rules apply for proceedings before Judge Parker on consent and within the scope of a referral. They do not modify or affect the practices of the District Judge before whom a case may also be pending.**

I.   **Communications with Chambers.**

   a.  **Letters.** Communications with the Court should be by letter filed on ECF except for settlement conference submissions and *in camera* submissions. ***Letters may not exceed 3 single-space pages in length (exclusive of exhibits).***

   ***Pro Se Parties.*** By Standing Order, a *pro se* party must mail all communications with the Court to the Pro Se Intake Unit located at 500 Pearl St., Room 230, New York, NY 10007. A *pro se* party may not call Chambers or send any document or filing directly to Chambers.  Submissions requiring immediate attention should be hand-delivered to the Pro Se Intake Unit. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.,* if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to the party and include proof of service affirming that he or she has done so.  Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court. Question can be directed to the pro se unit at (212) 805-0175.

---

[1]   **Requests for reasonable accommodations on account of disability or religion with respect to the Court's rules or in connection with any proceeding before Judge Parker may be emailed to Parker_NYSDChambers@nysd.uscourts.gov. Counsel and parties are invited to inform the Court of their preferred pronouns.**

***Communications between parties and discovery requests and responses should not be filed with the court*** (except as exhibits to an otherwise properly filed document).

b. **Letter-Motions**. Letter motions shall be filed on ECF in accordance with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. Requests that may be made by letter motion include requests for a discovery conference to address a discovery dispute before formal motion practice, adjournments, extensions, pre-motion conferences, sealing, and requests for a settlement conference. ***Letter motions are limited to 3 single-space pages (not including exhibits).***

c. **Requests for Adjournments or Extensions of Time.** Absent good cause, any request for extension or adjournment shall be made ***at least 48 hours or 2 business days, whichever is greater,*** before the deadline or scheduled appearance.

   All requests for adjournments or extensions of time must be filed on ECF as letter-motions. The letter-motion must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; and (3) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.

d. **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of 500 Pearl Street and may not be brought directly to Chambers.

e. **Faxes.** No faxed communications shall be permitted without prior permission from Judge Parker's Chambers. Faxes must not exceed three pages.

f. **Courtesy Copies.** As a general rule, and except as otherwise specified herein, no physical/paper courtesy copies of documents filed on ECF should be sent to Judge Parker.

g. **Docketing, Scheduling and Calendar Matters.** For docketing, scheduling and calendar matters, please email Judge Parker's Chambers email.  Please allow for at least two business days for a response.

h. **ECF.** All counsel are required to register promptly as ECF filers and to enter an appearance in the case. The pertinent instructions are available on the Court website, at http://www.nysd.uscourts.gov/ecf_filing.php. Counsel are responsible for updating their contact information on ECF, should it change, and they are responsible for checking the docket sheet regularly, regardless of

2

whether they receive an ECF notification of case activity.

II.    **Pre-Trial Practice.**

a.  **Initial Case Management Conference**. Before the Initial Case Management Conference, parties must meet and confer on a discovery plan. One week before the scheduled conference, the parties shall file on ECF Proposed Case Management Plan and Report on Rule 26(f) Meeting. *For non-pro se cases*, the parties should use the template form Proposed Case Management Plan and Report on Rule 26(f) Meeting. *For cases involving pro se litigants*, the parties may use the simpler Proposed Case Management Plan for Pro Se Cases. Both forms are available at https://nysd.uscourts.gov/hon-katharine-h-parker.

*In complex cases and cases where substantial ESI discovery* is contemplated, the parties are expected to review Judge Parker's Discussion Topics for Rule 26(f) Meeting found at https://nysd.uscourts.gov/hon-katharine-h-parker.

*Attendance at ICMC.* Lead counsel for the parties are expected to attend the Initial Case Management Conference. Reasonable accommodations will be made for parties or their counsel who cannot attend in person on account of disability. Additionally, an **incarcerated party** who is unable to attend this or other conferences, may be able to participate by telephone or video. If appropriate, the Court's scheduling order will outline the procedures for participation by telephone or video.

b.  **Case Management Conferences.** The Court holds regular case management conferences. Counsel are expected to be prepared for such conferences and ready to discuss the status of discovery, the potential for settlement, and any other issue. In some cases, the Court may require a joint pre-conference agenda letter. **Joint pre-conference agenda letters shall be limited to 6 pages and filed a week in advance of a conference unless otherwise specified or permitted by the Court.**

Junior members of legal teams representing clients are invited to address the Court at case management conferences. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This Court is amenable to permitting different lawyers on a team to speak on different issues if this creates an opportunity for a junior lawyer to participate.

c.  **Discovery Disputes.** Parties shall follow Local Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the

3

Court or, if applicable, to the Pro Se Intake Clerk, no longer than 3 single-space pages, explaining the nature of the dispute and requesting a conference. Such letter *must include a representation that the meet-and-confer process occurred and state when it occurred*. Any responsive letter should be submitted within 3 business days after submission of the letter-motion. The Court will endeavor to resolve the issue during a conference without the need for formal briefing. However, if formal briefing is required, the Court will set a schedule for such briefing at the conference.

Parties shall keep in mind Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action. Parties also shall keep in mind Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Discovery motions should address these rules to the extent applicable.

d. **Confidentiality Stipulations and Orders.** In cases where confidential information will be exchanged, the parties must utilize the Court's model Protective Order found at https://nysd.uscourts.gov/hon-katharine-h-parker; provided, however, the parties may apply for a protective order that differs from the Court's model by submitting a letter request via ECF and attaching the proposed order showing in a blackline comparison how the proposed order differs from the Court's model.  The letter should explain why the modifications are needed and note any disagreements between the parties regarding the modifications from the Court's model.

e. **Electronic Discovery.** The parties are expected to review Judge Parker's Discussion Topics for Rule 26(f) Meeting found at https://nysd.uscourts.gov/hon-katharine-h-parker. The parties also may utilize the model Joint Electronic Discovery Submission and Proposed Order, as appropriate, found at https://nysd.uscourts.gov/hon-katharine-h-parker. This model may be modified to the extent appropriate for the case.

f. **Video Depositions.** A model form for the conduct of video depositions can be found at hattps://nysd.uscourts.gov/hon-katharine-h-parker.

g. **Telephonic and Video Conferences.** The Court, in its discretion,

4

may schedule or permit telephonic or video conferences. The Court utilizes Microsoft Teams for virtual proceedings. Counsel and parties appearing by video are expected to be dressed appropriately for Court.

III.    **Formal Motions.**

a.  **Conferences of Counsel Before Filing Motions Under Rule 12(b) or (c).** Except in cases involving *pro se* parties, if a motion pursuant to Fed. R. Civ. P. 12(b) or 12(c) is contemplated, the plaintiff or counterclaimant must indicate whether it wishes to amend the subject pleading before motion practice, and the parties must consider in good faith a stipulation permitting such amendment. If the parties are unable to reach a resolution, counsel for the moving party shall include the following statement in the notice of motion: "This motion is made following the conference of counsel, which took place on [date]. Plaintiff [or Counter Claimant] declined an opportunity to amend."

b.  **Pre-Motion Conferences.** A pre-motion conference is required for all motions except (i) letter motions specified in 1(b) above; (ii) motions that are required by the Federal Rules of Appellate Procedure or the Federal Rules of Civil Procedure to be made by a certain time, (iii) motions by litigants in actions where a party is incarcerated and *pro se*, (iv) motions for reconsideration, (v) motions for a new trial, (vi) motions *in limine*, (vii) motions to dismiss habeas corpus petitions, (viii) motions for default (see also Appendix A); and (ix) motions for judgment on the pleadings or summary judgment in social security cases.

Letters requesting a pre-motion conference should summarize the basis of the motion and follow the procedures for communicating with the Court set forth in Section I. Letters may not exceed 3 pages. Within 3 business days of receipt of the letter, each opposing party may submit a written response of no more than 3 pages. The Court will, as soon as possible thereafter, hold the pre-motion conference. The filing of a request for a pre-motion conference to dismiss prior to the Answer stays the time for the filing of an Answer until after the conference is held or until further order of the Court.

c.  **Memoranda of Law.** The formatting and length of motion papers must conform to Local Civil Rule 7.1. Memoranda of law may only exceed the length limitations set forth under Local Civil Rule 7.1 if prior permission has been granted. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the word limit. Sur-reply memoranda will not be accepted without prior permission of the Court.

All moving papers, letter-motions, and letters filed on ECF or emailed to chambers must be in *searchable PDF form*. **Additionally, to the extent citing** unreported cases, parties are requested to use Westlaw citations whenever possible.

5

d. **Redactions and Filing Under Seal.** All Confidential Materials filed with the Court may be redacted or filed under seal only as the Court directs upon appropriate application by either party or as required by Federal Rule of Civil Procedure 5.2, which describes sensitive information that must be redacted from public court filings.

To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree in writing that a particular document that has been designated Confidential Material shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.

Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, based on a party's designation of information as Confidential, must make a specific request to the Court by letter motion explaining the reasons for seeking to file that submission under seal and addressing the request in light of the Court of Appeals' opinions in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132 (2d Cir. 2016). If a request for redactions is based on another party's designation of information as Confidential, the parties shall confer and jointly submit the request for redactions.

Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

If the Court approves the filing under seal, no further submissions shall be required. If the Court denies, in part, the motion for filing under seal, the party who made the submission shall be required to refile the document with modified redactions as directed by the Court. The Court will file under seal any clean and unredacted pages for which the Court has approved redactions.

**The above practices for filing under seal are applicable to cases before Judge Parker if the matter is within the scope of the district judge's order of reference or if the case is before Judge Parker for all purposes pursuant to 28 U.S.C. § 636(c). Otherwise, the practices of the district judge to whom the case is assigned apply.**

e. **Oral Argument on Motions.** Parties may request oral argument when the motion has been fully briefed. This request should be made by letter in accordance with the procedures set forth in Section I.

Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked.  Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.

f. **Proposed Stipulations and Orders.** Parties should file stipulations and orders they wish the Court to sign on ECF, in accordance with the ECF Rules and Instructions.

g. **Nothing in my Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule -- including but not limited to Fed. R. Civ. P 50, 52, 54, 59, and 60, and Fed. R. App. P. 4 -- where failure to comply with the specified time period could result in forfeiture of a substantive right.**

7

IV.    **Pretrial Procedures.**

**Joint Pretrial Orders.** After the close of discovery, the Court will file a Scheduling Order scheduling a pre-trial conference and containing instructions for the parties' Proposed Joint Pretrial Order. In general, except in *pro se* cases, a Joint Pretrial Order shall include, as applicable:

a.  the full caption of the action;

b.  the name, address, telephone number and email of each principal member of the trial team, and an identification of each party's lead trial counsel;

c.  a list of each claim and defense that will be tried and identification of the governing law (including applicable regulations) governing each such claim and defense;

d.  if applicable, a list of any claims and defenses asserted in the pleadings that are not to be tried;

e.  a list by each party of its trial witnesses that it, in good faith, expects to present, with an indication of whether the witnesses will testify in person or by deposition and the general subject area of the witness's testimony and anticipated length of time needed for witness;

f.  a statement as to how and when the parties will give notice to each other of the order of their trial witnesses and, if the parties cannot agree, the parties statement that they will agree to the Court's default rule for trials of this length (*i.e.*, that the parties shall advise each other by no later than 48 hours before the start of trial as to the order of their witnesses);

g.  a list by each party of exhibits that it, in good faith, expects to offer in its case in chief, together with any specific objections thereto;

h.  all stipulations or statements of fact or law on which the parties have agreed;

i.  a proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes;

j.  proposed *voir dire* questions;

k.  proposed jury instructions;

l.  proposed verdict sheet; and

8

m.  all other matters that the Court may have ordered or that the parties believe are important to the efficient conduct of the trial, such as bifurcation or sequencing of issues to be tried, anticipated in limine motions, and technology needed for trial.

The parties shall each send a courtesy copy of all exhibits, pre-marked, to Parker_NYSDChambers@nysd.uscourts.gov. Exhibits need not be filed electronically on ECF. The parties shall also each submit one hard copy of the pre-marked exhibits in a well-organized three-ring binder separated by tab dividers.

In *pro se* **cases**, no Joint Pretrial Order is needed. Instead, within 30 days after the completion of discovery each party shall file its own Pretrial Statement. The *pro se* party's Pretrial Statement need take no particular form, but must be concise and contain: (1) a statement of the facts the party hopes to prove at trial; (2) a list of all documents or other physical objects that the party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the party intends to have testify at trial. The Statement must be sworn by the party to be true and accurate based on the facts known by the party. The party must file an original Statement with the *Pro Se* Office (*see* I(a)) and serve a copy on all other parties or their counsel if represented. The original Statement must indicate the date a copy was mailed to the other party or that party's attorney.

## V.    Settlement Conferences

The Court believes the parties should fully explore settlement at the earliest practical opportunity. Early consideration of settlement allows the parties to avoid the substantial cost, expenditure of time, and uncertainty that are typically a part of the litigation process. Even for those cases that cannot be resolved, early consideration of settlement can provide the parties with a better understanding of the factual and legal nature of their dispute and streamline the issues to be litigated.

The following are the procedures applicable to Settlement Conferences:

a.  ***Confidential.*** All settlement conferences are "off the record" and strictly confidential. All communications relating to settlement may not be used in discovery and will not be admissible at trial.

b.  ***Magistrate Judge's Role.*** The magistrate judge functions as a mediator, attempting to help the parties reach a settlement.

c.  ***Pre-Conference Telephone Call.*** The Court will schedule a telephone call with the parties prior to the conference to discuss issues pertinent to the conference, after which a settlement conference will be scheduled.

d.  ***Ex Parte Settlement Conference Summary Form and Letter.*** Unless otherwise directed by the Court, no later than 7 days before the Settlement Conference,

9

each party must complete the Court's Settlement Conference Summary Form found at https://nysd.uscourts.gov/hon-katharine-h-parker.  Each party also must provide the Court with a letter, not to exceed three pages, summarizing the issues in the case, the settlement value of the case and rationale for it, case law authority relevant to settlement discussions, and any other facts that would be helpful to the Court in preparation for the conference. Parties may attach exhibits to their letters to the extent they believe the exhibits would aid settlement discussions. The Settlement Conference Summary Form and letter should be emailed to Parker_NYSDChambers@nysd.uscourts.gov.

e. ***Exchange of Demand/Offer.*** If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 14 days prior to the conference. If it has not already done so, the opposing party shall respond to any demand no later than 8 days prior to the conference.

f. ***Attendance.*** The parties – not just the attorneys – must attend the Settlement Conference in person. In the event personal attendance is a hardship, a party may make a written request no later than one week in advance of the conference to attend by phone. Each party must supply its own interpreter, if required. Corporate parties or labor unions must send the person with decision-making authority to settle the matter to the conference. Where liability insurance is involved, a decision-making representative of each carrier must attend unless specifically excused by the Court. Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency. In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

g. ***Consequences of Non-Compliance with Attendance Requirement.*** If a party fails to comply with the attendance requirements, that party may be required to reimburse all the other parties for their time and travel expenses and may face other sanctions.

h. ***Conference Location.*** Unless advised otherwise by the Court, the conference will take place in Courtroom 17D at 500 Pearl Street.

i. **Settlement Conference Materials:** A courtesy copy of *Ex Parte* Settlement Conference Summary Forms and Letters shall be submitted to the Court if the exhibits to the Letter exceed 10 pages. Courtesy copies must be provided no later than one business day after submission of the Form and Letter. Courtesy copies should be placed in well-organized three-ring binder(s). Where appropriate, the binder(s) shall be separated by tab dividers preceded by an

10

exhibit list. Courtesy copies must be provided no later than one business day after the filing.

If a party is submitting a video, the clip shall be provided on a thumb drive delivered to Chambers and labeled with a case name and docket number. Alternatively, the clip may be emailed to the Chambers email address noted above.

## VI.   **Default Judgment**

Parties should follow Local Civil Rule 55 regarding default judgment. In addition, parties shall provide the following information in the notice of motion or memorandum of law supporting the motion:

1. The procedural history beyond service of the summons and complaint, if any;
2. Whether the default is applicable to fewer than all of the defendants, and, if so, a statement addressing whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action.