UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ZEV YOURMAN,

                              Plaintiff,

                            -against-

COLUMBIA NY PRESBYTERIAN HOSPITAL, et al.,

                            Defendants.

_____

**OPINION AND ORDER
ON MOTION TO RECUSE
24-CV-6286 (JPC) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Pro se Plaintiff Zev Yourman brought this action against New York Presbyterian Hospital ("NYPH") and Columbia University ("Columbia"), Julio Pujolis, and Paul Freeman, alleging he was discriminated against because he was Jewish and practicing his religion, in violation of Title VI, 42 U.S.C. § 2000d, and the First and Fourteenth Amendments as enforced under 42 U.S.C. § 1983, in connection with his visit to NYPH's Allen Hospital on or around December 8, 2023. On January 16, 2026, I issued a Report and Recommendation ("R&R") to grant Defendant's motion to dismiss. (ECF No. 79.)  The Court adopted that R&R and gave Plaintiff leave to amend his Complaint as to the Title VI claims asserted against NYPH and Columbia. (ECF No. 85.)  He has since filed a Third Amended Complaint. (ECF No. 91.)

Before the Court is Plaintiff's motion for the undersigned to recuse from this case pursuant 28 U.S.C §§ 144, 455(b)(1), and the Code of Conduct for the United States Judge's Canon 2A. Plaintiff alleges that the undersigned is biased against him because I stated on the

1

record that I previously knew members of defense counsel years ago during my time in private practice and his perception that I stated bias against one of his "main issues." For the reasons stated below, the motion is **DENIED**.

**LEGAL STANDARD**

A judge should recuse herself when the judge harbors a "personal bias or prejudice" concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a)-(b).  28 U.S.C. § 144 sets forth the procedure to challenge a judge's assignment to the case, providing that when a party "makes and files a timely *and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the party] or in favor of any adverse party, such judge shall proceed no further therein." (Emphasis added.)  A recusal decision rests within the sound discretion of the judge whose recusal is sought. *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).  Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966).  Recusal is not required where the judge's interests are remote, contingent, indirect, or speculative. *Lovaglia*, 954 F.2d at 815 (internal citation omitted).

2

A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51 (S.D.N.Y. 2012), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, No. 11-cv-1279 (ALC) (AJP), 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**DISCUSSION**

In Plaintiff's motion he makes several representations about what has transpired in this case, which the Court will address in turn.  These representations range from simple misunderstandings to statements which misrepresent the record.

There is no evidence of bias in this case stemming from an extrajudicial source.  The Plaintiff's complaints relate to judicial sources.  Namely, he cites three essential sources: (1) the undersigned stated on the record during a formal proceeding that I had known defense counsel professionally from my days in practice over a decade ago, (2) the undersigned issued a Memorandum Endorsement denying defendant NYPH's applications both to strike a purported sur-reply before it was filed to the docket and to issue greater controls on service, and (3) the date which he received the Report and Recommendation did not give him sufficient time to object. (*See* ECF No. 47, at 2:22-24; *see also* ECF No. 77, ECF No. 79.)

3

None of these sources can serve as the basis for his claim to recuse.  First, professional acquaintance, without more, is not grounds for recusal.  All judges who worked as barred attorneys will have some professional acquaintance with attorneys from their time in private practice; they cannot be expected to recuse in all such instances. *See Bailey v. Broder*, No. 94-cv-2394 (CSH) (SEG), 1997 WL 73717, at *2 (S.D.N.Y. Feb. 20, 1997) (noting requiring recusal where a judge has "chatted" with an attorney at professional and associational functions would render judges "unable to function in our jobs").  The Court greeted and said goodbye to both parties in a conventional manner, as the transcript shows. (*See* ECF No. 47.)  Moreover, I add that I have no personal friendship or other association or ties to defense counsel in this case apart from having been acquainted with them on a strictly professional basis.  I expressly disclaim any bias toward or interest in their position.[1]

Further, the Court notes that Plaintiff did not object to the Court's disclosure on the record at the July 29, 2025 hearing, nor did he object for more than six months thereafter. (*See* ECF Nos. 89-90.)  He objected only after this Court issued its R&R on the motion to dismiss. (ECF No. 83, 86, 89-90.)  This suggests the instant motion is based on unhappiness with the result of the motion to dismiss, which ultimately was decided by the district judge, not the undersigned.

Second, the Memorandum Endorsement about which he complains did not deprive Plaintiff of any constitutional right as he argues; in fact, the Court ruled *against* Defendant

---

[1] While not a major factor in this Court's opinion, it may be noted that defendants did not oppose the motion to recuse, suggesting they take no position on the motion.

NYPH in its Memorandum Endorsement.[2] (ECF No. 77.)  Thus, this is not evidence of any bias and is not a basis to recuse.

Third, the Court does not understand how the date on which Plaintiff received his mail can serve as the basis for its recusal.  The R&R was issued on January 16, 2026, and mailed on January 20, 2026.[3]  Plaintiff requested an extension of time to respond on January 29, 2026 (ECF No. 81), which was granted on February 3, 2026, and mailed on February 4, 2026 (ECF No. 82).  It should go without saying that the undersigned does not control when Plaintiff receives the mail, but I consistently direct that my orders be mailed to him. (ECF Nos. 15, 34, 40, 77, 79.)  Errors in mailing are at best administrative errors that can be corrected while ensuring Plaintiff has notice and sufficient time to respond to orders as appropriate.  They do not indicate bias or constitute a basis to recuse.

Next, there appears to be a misunderstanding of some of the Court's orders, which I will clarify.  The Court did not "[o]rder[]" Plaintiff "to go electronic against [his] beliefs." The transcript from the proceeding reflects that all this Court did was merely inquire whether Plaintiff had signed up for electronic notification, and when he said he did not do that, the Court said, "Okay.  So then you will have to be served by mail," with which he agreed. (ECF No.

---

[2]  Plaintiff's subsequent note that the undersigned "[e]mboldened . . . bad behavior" by Defendants cannot be evaluated in the absence of a motion for relief against the Defendants and a proper record.  But the Court reiterates that the motion filed by NYPH for relief restraining Plaintiff from making in-person service attempts on the law firm was denied. (ECF No. 77.)  Further, the letter from NYPH's counsel requesting that relief was filed on the docket.  There was thus no "ex parte" relief granted or considered; indeed, the objection at ECF No. 74 was served by mail on Plaintiff. (ECF No. 75.)  Finally, because the relief requested at ECF No. 74 was expressly denied, the Court's endorsement at ECF No. 77 was not prejudicial to Plaintiff, irrespective of when he may have received ECF No. 74.  Receiving his responsive filing at ECF No. 78 would have had no impact whatsoever on the outcome of that application except to strengthen the Court's denial of relief to Defendant NYPH.

[3]  Monday, January 19, 2026, was a federal holiday.  Courts were closed in observance of Dr. Martin Luther King, Jr. Day.

47, at 24:9-16.)  The Court understands the basis of Plaintiff's objection to be that for religious reasons, he does not use electronic devices like computers or smart phones.  There is no problem with that, as the Court indicated on the record.

Nor did the Court's subsequent explanation to Plaintiff about serving documents indicate any bias.  The Court stated that "because the NYPH Defendants have represented they will accept service through mail and ECF, there is no need for Mr. Yourman or any process server to personally serve documents on the NYPH Defendants or their counsel.  All documents must be filed to ECF." (ECF No. 77.)  This did not require Plaintiff "to go electronic."  All the Court was conveying was that the pro se Plaintiff's paper filings with the pro se office are ultimately electronically filed to the docket, even if Plaintiff does not personally file them electronically.  Any time he submits a filing by mail or in person, it is docketed to ECF by the Clerk's office, pro se, and/or docketing services—*i.e.*, by court staff and employees—and the attorneys for the parties receive notice of filings that way.  This is part of the regular court docketing process.  Plaintiff does not need to interface with any electronic device to have his filings docketed to ECF, and this Court never required him to do so, nor would it.  The Court hopes this will clear up any confusion.

Plaintiff's assertions that the Court "disqualified" his brief are also misplaced.  The Court did not disqualify any brief of Plaintiff's; rather, Plaintiff himself represented that the "brief" he filed was not a sur-reply on the motion to dismiss because, as he said, "Plaintiff <u>was not</u> '<u>fully briefed</u>' (underlines mine) on this Court's Ordered due date of November 7, 2025." (ECF No. 78 (emphasis in original).)  He continued: "[T]his Plaintiff's papers which Attorney Blank refers to as a 'sur-reply' are not a 'sur-reply' . . . ." (*Id.*)  The Court therefore deemed that his filing did

not constitute a sur-reply and would not be considered on the motion to dismiss. (ECF No. 79, at 14.)  Moreover, this Court intends to schedule a case management conference to follow this order, before which Plaintiff will have the opportunity to file a pre-motion letter for any contemplated motion he may wish to file.  The Court thus remains ready to address any anticipated motions Plaintiff may wish to file as this case proceeds in view of the Third Amended Complaint.

Nor has this Court disregarded Plaintiff's pro se status.  Indeed, the Court "afford[ed] special solicitude to Plaintiff, as a pro se litigant, and construe[d] his pleadings and opposition to the instant motion liberally to present the best arguments possible in opposition to the motion." (ECF No. 79, at 4 (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).)

In sum, all of Plaintiff's assertions, described above, fall squarely into the category of a "misunderstanding."  Given Plaintiff's pro se status, the Court appreciates this sometimes can happen.  The Court hopes this Order has clarified points and procedures for Plaintiff.

Plaintiff also makes several claims which teeter beyond misunderstanding and into arguable misrepresentation.  For example, Plaintiff claims that Defendants failed to produce certain documents ordered by this Court and the Defendants should therefore be held in "default."  First, any such failure of *Defendants* would not be the basis for recusal.  Rather, the Court interprets Plaintiff's motion to be arguing that the Court failed to consider this argument. But this Court has already explained to Plaintiff why it has not acted on his request to hold Defendants in "default."  As this Court noted in the R&R, the issue of Defendants' production (or failure of production) is a discovery issue and not something properly before the Court on any past or pending motion. (*See* ECF No. 79, at 13 (noting the issue of Defendants' alleged

7

failure to comply with the Court's "order requiring production of documentation evincing NYPH's and Columbia's corporate formation and/or ownership" is "well outside the relevant subject matter for consideration on the motion to dismiss," and "there has been no briefing or pre-motion letters regarding sanctions for failure to comply with court orders or attorney misconduct, which is required by the undersigned's Individual Practices and Rules").)  Further, while Plaintiff challenges the sufficiency of the documents provided, he is incorrect in suggesting that no documents were provided.  The documents Defendants provided to reflect ownership and/or corporate formation are filed on the public docket. (ECF No. 66, at 26-30; ECF Nos. 55-1 to 55-7; Pls' Opp. to Mot. to Dismiss, ECF No. 66, at 26-30.)  The Court perceives no failure to produce.

Likewise, Plaintiff's claim that the Court denied him an amendment is at best a misunderstanding and at worst a misrepresentation.  The Court did not deny any requested amendment; indeed, the R&R expressly recommended that Plaintiff be allowed to amend certain claims (which the district court adopted).  After the Plaintiff asked a question about amending the caption, the Court informed Plaintiff that amendments to the caption, if any, would follow the motion to dismiss. (ECF No. 47, at 25:25-19.)  Plaintiff cites the post-initial case management conference order as evidence that the Court "[o]rdered [n]o further amendments." (ECF No. 84 ¶ 7; *see also* ECF No. 40.)  The document contradicts his assertion. It says clearly and plainly: "The parties shall have until **30 days after a decision on the motion to dismiss** to amend the pleadings and join parties." (ECF No. 40.)  Judge Cronan's Order granted the same relief (upon this Court's recommendation to dismiss certain claims without

prejudice), and Plaintiff thereafter filed his Third Amended Complaint. (ECF Nos. 79, 85, 91.) This case has thus proceeded in an ordinary course.

Plaintiff cites *Teacher4Action v. Bloomberg*, 552 F. Supp. 2d 414 (S.D.N.Y. 2008), but this case is unhelpful to him.  In that case, the court noted that "the presence of improper bias or prejudice in a judge's conduct should be distinguished from an expression of anger or frustration about a person or thing at a given moment." *Id.* at 415-16.  For these reasons, a magistrate judge did not "exhibit[] disqualifying personal bias or prejudice." *Id.*  Rather, the judge was merely frustrated with Plaintiff's counsel. *Id.*  That scenario is not asserted on this motion; even if it were, that case would militate against recusal.

Plaintiff also cites *Thorpe v. Zimmer, Inc.*, 590 F. Supp. 2d 492 (S.D.N.Y. 2008), in which Judge McMahon declined to recuse herself simply for having undergone a similar type of knee replacement surgery to the type of surgery involved in the background of that case. *Id.* at 494-500.  Those facts are not present here.  Thus, Plaintiff has not met his substantial burden for recusal.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for recusal is **DENIED**.  **The Clerk of Court is directed to terminate the motions at ECF Nos. 83 and 86 and to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: New York, New York
         April 6, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

9